UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
NADIA MUHAMMAD,                                         :
                                                        :
                        Plaintiff,                      :     Case No. 1:26-cv-01027-RA
                                                        :
        -against-                                       :     **EQUIFAX INFORMATION SERVICES**
                                                        :     **LLC'S ANSWER TO PLAINTIFF'S**
TRANS UNION, LLC, EQUIFAX                               :     **COMPLAINT AND AFFIRMATIVE**
INFORMATION SERVICES, LLC and                           :     **AND OTHER DEFENSES**
EXPERIAN INFORMATION SOLUTIONS,                         :
INC.,                                                   :
                                                        :
                        Defendants.                     :
                                                        :
-------------------------------------------------------- X

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant

to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint

and asserts its affirmative and other defenses as follows:

## PRELIMINARY STATEMENT

### COMPLAINT ¶1:

Plaintiff brings this action against Defendants for violating the Fair Credit Reporting Act,
15 U.S.C. § 1681 *et seq*. by mixing Plaintiff's credit file with her twin sister and failing to resolve
the issue even after Plaintiff repeatedly disputed the account with Defendants.

### ANSWER:

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit

Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that

Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations

in this paragraph.

### COMPLAINT ¶2:

Plaintiff brings this action for actual, statutory, and punitive damages, as well as for
statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*

325352955v.1

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

**COMPLAINT ¶3:**

The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶4:**

Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

**COMPLAINT ¶5:**

Plaintiff is a natural person and qualifies as an individual "consumer" within the meaning of the FCRA. See 15 U.S.C. § 1681a(c).

**ANSWER:**

Upon information and belief, Equifax admits the allegations in this paragraph.

**COMPLAINT ¶6:**

Defendant Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York. Experian qualifies as a "consumer reporting agency" within the meaning of the FCRA. See 15 U.S.C. § 1681a(f).

2

325352955v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶7:**

Defendant Equifax is a Georgia corporation, duly authorized and qualified to do business in the State of New York. Equifax qualifies as a "consumer reporting agency" within the meaning of the FCRA. See 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax admits that it is a Georgia limited liability company that is registered to do business in the State of New York. Equifax also admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶8:**

Defendant Trans Union is a Delaware corporation, duly authorized and qualified to do business in the State of New York. Trans Union qualifies as a "consumer reporting agency" within the meaning of the FCRA. See 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**FACTUAL BACKGROUND**

**COMPLAINT ¶9:**

Plaintiff has what is commonly known as a "mixed file" with her twin sister Nalia Muhammad. A "mixed file" occurs when a credit reporting agency merges earth part or all of the credit profiles of two separate individuals into a single credit file. The result of this is that when a credit report is issued in that consumer's name it contains information and accounts that do not belong to them.

**ANSWER:**

Equifax denies the allegations in this paragraph.

3

**COMPLAINT ¶10:**

The Defendant credit reporting agencies ("CRA's") have known about this problem for at least **THIRTY YEARS** now and still have not corrected the problem. They have each entered into consent decrees with the FTC and each been sued thousands of times for mixing consumer files, yet the problem persists.

**ANSWER:**

Equifax denies it has a mixed file "problem" and denies it has taken not steps to address any mixed files. Any referenced FTC consent decrees are documents which speak for themselves, and Equifax denies any characterizations thereof by Plaintiff.

**COMPLAINT ¶11:**

The problem is particularly acute for twins such as Plaintiff and her sister, who will obviously share a date of birth, last name and address, and often (as is the case here) share similar fist names and social security numbers.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein. Equifax admits that, as a business in a regulated industry, it is defendant in various lawsuits. Equifax denies any remaining allegations in this paragraph.

**COMPLAINT ¶12:**

Although Plaintiff and her sister share similar identifying information, it is clear that they are two separate individuals with two different first names and different social security numbers.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶13:**

Despite their separate first names and social security numbers, within the two years prior to the filing of this Complaint each of the Defendants mixed the Plaintiff's sister's credit profile

4

325352955v.1

with her and repeatedly published inaccurate information about Plaintiff to numerous creditors, causing Plaintiff substantial harm.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶14:**

Plaintiff repeatedly disputed the inaccurate information being reported to creditors to each Defendant within the last two years, yet after each dispute Defendants at all times refused to conduct a reasonable investigation of the Plaintiff's disputes and failed to remove the inaccurate information on Plaintiff's credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

Plaintiff has repeatedly been denied credit in the past two years as a result of Defendant's conduct.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶16:**

Accordingly, Plaintiff has suffered substantial harm as a result of Defendants' conduct. The inaccurate derogatory information wrongfully listed on Plaintiff's consumer reports was, at a minimum, a substantial factor in being denied credit and offered credit on inferior terms and caused Plaintiff significant emotional distress and damage to her reputation, adverse impact on credit rating, expenditure of time and resources, annoyance, aggravation, and frustration.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**FIRST CAUSE OF ACTION**
VIOLATION OF THE FCRA

**COMPLAINT ¶17:**

Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

5

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶18:**

Defendants willfully, (or in the alternative negligently) violated 15 USC § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶19:**

Defendants willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of inaccurate information on her account.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶20:**

Defendants willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding her disputes.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶21:**

Defendants willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed inaccurate information from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325352955v.1

**COMPLAINT ¶22:**

Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

### FIRST DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

### SECOND DEFENSE

To the extent Plaintiff recovers from another entity for the same damages alleged to have been caused by Equifax, Plaintiff's recovery, if any, should be barred or decreased by reason of the One Satisfaction Rule.

7

325352955v.1

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

Dated: Atlanta, Georgia
       June 2, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/Heather H. Sharp*
    Heather H. Sharp, NY Bar No. 4590659
    hsharp@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E., Suite 2500
    Atlanta, Georgia  30309-3958
    Telephone:  (404) 885-1500
    Facsimile:  (404) 892-7056

*Counsel for Defendant*
*Equifax Information Services LLC*

8

325352955v.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


 */s/ Heather H. Sharp*
Heather H. Sharp
*Counsel for Defendant*
*Equifax Information Services LLC*

325352955v.1